IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RAYMOND THOMAS                                                                PLAINTIFF

VS.                                           CIVIL ACTION NO. 3:13CV979-HTW-LRA

VINCENT HORTON, ET AL                                                      DEFENDANTS

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Raymond Thomas [hereinafter "Plaintiff"] filed a Complaint pursuant to 42 U.S.C.

Section 1983 on October 29, 2012, naming Vincent Horton, Bart Grimes and Richard

Gillespie as Defendants.  He was granted *in forma pauperis* status and process was directed

to issue for these Defendants on February 27, 2013.  The summonses were returned

unexecuted as to all three Defendants on April 2, 2013, marked "no longer employed at

EMCF."

Plaintiff was granted additional time to serve process on these Defendants, as he was

unable to provide current addresses for the three Defendants.  He was also granted leave of

Court to file an Amended Complaint.  Plaintiff's mail was returned to the Court as

undeliverable during much of the period his case has been pending, as he was transferred to

various other jails and did not provide current addresses.  In the interest of justice, and rather

than recommending that his case be dismissed for failure to serve process in a timely manner,

the undersigned Magistrate Judge conducted an omnibus or *Spears* hearing regarding his

claims.  This was for the purpose of allowing Plaintiff the opportunity to orally explain his

claims and his attempts to serve process and for the Court to consider whether he had stated

a constitutional claim under 42 U.S.C. § 1983.

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner

proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time

if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii)

fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief."  A plaintiff's claim shall be dismissed if "it lacks

an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal

interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998).

After considering the record in this case, as well as Plaintiff's sworn testimony and

the applicable law, the undersigned recommends that his case should be dismissed under 28

U.S.C. § 1915(e)(2) as legally frivolous.

Plaintiff was incarcerated in the custody of the Mississippi Department of Corrections

[MDOC] in the East Mississippi Correctional Facility [EMCF] in Meridian, Mississippi,

from approximately 2004-2008.  He was transferred to various other facilities in 2008 and

was returned to EMCF sometime in 2010.  The events about which he complains occurred

while Plaintiff was in lockdown in EMCF in 2012.  In his Complaint, Plaintiff charges that

between June 19-25, 2012,  his unit "HU4" and the entire EMCF was placed on institutional

lockdown.  During that period, the inmates were not permitted to shower or to conduct cell

"maintenance."   Defendants directed that the electronic key modules be removed from the

cell doors, so the cell doors were accessible only by keys.  Plaintiff charged that in the event

of a serious fire, it would be difficult to evacuate the unit.  In his Complaint, Plaintiff alleged that the electronic key modules were removed because "rumors" existed that the inmates had figured out a way to manipulate the cell-locking devices and could access the locked cells via the electrical system of the cell doors.  Complaint, [1], p. 2.

Plaintiff testified at the omnibus hearing that GEO had lost the contract for operating EMCF, and the entire institution was placed on lockdown for about 6-7 months prior to the Management Training Corporation (MTC) taking over the facility.  His Complaint involves only the June 19-25, 2012, period.  According to Plaintiff, his cell door was jammed for the week before maintenance came to fix it.  His door could not even be opened with a key while it was jammed.  They slid his food trays through a slot in the door, but that was unsanitary. Plaintiff did not eat during the week because his food was nasty; he believes he may have lost about five pounds.  Because he could not come out of his cell, he also missed his shower and his one hour of daily recreation time to which he was entitled.  Plaintiff charges that this treatment was cruel and inhuman punishment in violation of his Eighth Amendment rights. He also charges that they were guilty of the intentional infliction of emotional distress under state law.

Plaintiff has sued these three Defendants because they were in charge at EMCF during this 7-day period.  Horton was the Senior Warden; Grimes was the Deputy Warden; and Gillespie was the Associate Warden during this period.  They were employed by GEO, and GEO left the management of EMCF soon after Plaintiff filed his Complaint.  Neither the

Court or Plaintiff have current addresses for these individuals.  Plaintiff was given an opportunity to state a claim against GEO, although it was not named in the Complaint.

In the undersigned's opinion, Plaintiff's allegations, taken in a light most favorable to him, simply do not rise to the level of a constitutional violation.  Harsh "conditions of confinement" may constitute cruel and unusual punishment unless such conditions are "part of the penalty that criminal offenders pay for their offenses against society."  *Whitley v. Albers*, 475 U.S. 312, 319 (1985) *quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). In order to successfully prove an Eighth Amendment conditions of confinement claim, a civil rights plaintiff must allege facts which suggest that the prison officials' conduct resulted in the plaintiff being incarcerated under "conditions which [posed] an unreasonable risk of damage to [the prisoner's] future health."  *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).  This "risk must be of such a level that today's society would not tolerate it." *Id.*  In order to prevail on such a claim, a plaintiff must plead facts which establish: (1) objectively, that the deprivations are sufficiently serious; and (2) subjectively, that the defendant prison officials knew of the deprivations but nevertheless have shown a "deliberate indifference" to the plaintiff's "health or safety." *Id.*

A prisoner must show that the inflicting officer has exhibited "deliberate indifference" to the conditions.  *Wilson v. Seiter*, 501 U.S. 294, 303 (1991).  Mere negligence does not satisfy the "deliberate indifference" standard. *Id.*  The prisoner must suffer from an **extreme deprivation** of any "minimal civilized measure of life's necessities." *Id.* at 304.

In Plaintiff's case, neither the objective or subjective components can be met.  It is obvious that these prison officials were not attempting to punish Thomas because his cell door jammed.  There is no evidence that Plaintiff was even affected by the electronic locks being changed, as no fires or emergency situations occurred during the week his door was jammed.  Obviously, the prison officials believed that it was necessary to change the locking system if inmates were able to access the doors.  Plaintiff does not contend that he was purposely punished by the door jamming, and he conceded that he was taken to medical when the door was fixed.  Plaintiff was provided food during this period; he simply chose not to eat it because of the alleged unsanitary conditions.  All of this occurred only for a matter of days, and Plaintiff concedes he was not physically injured.   Although Thomas suffered from discomfort during this 7-day lockdown, and was emotionally distressed, he was not physically injured; the short-term deprivations were not extreme under the circumstances.  None of these Defendants intended to punish him with these conditions, as there is no allegation that the jamming of his door was intentional.  In his Complaint, Plaintiff only alleges that the locks were changed in the unit, not that his individual cell door was jammed.  Regardless, no facts have even been alleged which would establish the requisite "deliberate indifference" to Thomas's health and safety for this 7-day period.

An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).  Under the circumstances, wherein Plaintiff has not set forth any fact or testimony with which to show an intent to punish, or deliberate

indifference, on the part of these individuals, the conditions complained of do not rise to the level of an Eighth Amendment or Fourteenth Amendment violation.  Plaintiff has shown no actual injury; he primarily claimed discomfort and the fear of becoming harmed by fire or other emergency situations.

For these reasons, it is the recommendation of the Magistrate Judge that Plaintiff's Complaint be dismissed with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636;  Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 4th day of February 2016.

S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE